## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LOGAN DYJAK, #884839,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv–02003−NJR** |
| | ) | |
| **TERRI SCHULTE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Logan Dyjak is in the custody of the Illinois Department of Human Services; he is currently housed at the McFarland Mental Health Center in Springfield, Illinois. He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 to challenge the decision of Terri Schulte to reduce his privileges[1] at Alton Mental Health Center. (Doc. 1, p. 5). Plaintiff claims that this decision was not supported by his medical records and amounted to a deprivation of liberty without due process of law. *Id*. He seeks monetary relief against the defendant. (Doc. 1, p. 6).

Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") without prepayment of the filing fee for this action. (Doc. 6). Because he was adjudicated not guilty by reason of insanity ("NGRI"), Plaintiff is not a prisoner[2] within the meaning of 28 U.S.C. § 1915(h). *See Dyjak v. Harper*, Case No. 18-cv-01011-NJR (Doc. 33, p. 3; Doc. 42, p. 2). *See also Banks v. Thomas*, No. Civ. 11-301-GPM, 2011 WL 1750065 (collecting cases) (persons adjudicated NGRI are not prisoners under 28 U.S.C. § 1915). A federal district court may allow a civil case to proceed without prepayment of fees, if the

---

[1] In the Complaint, Plaintiff does not indicate what privileges Schulte limited. (Doc. 1, p. 5).
[2] Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

applicant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1). Plaintiff has satisfied this standard. (Docs. 6, 8-9).

Even so, the district court may deny the otherwise qualified plaintiff leave to proceed IFP and dismiss the case, if the action does not survive review under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires dismissal of a complaint, or any claim in it, that is clearly frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id.*; *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or meritless is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations in the *pro se* complaint must be liberally construed. *Rodriguez v. Plymouth Amb. Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The allegations in the Complaint address a single claim:

> **Count 1:** Fourteenth Amendment claim against Defendant for depriving Plaintiff of a liberty interest without due process of law by limiting his privileges at Alton Mental Health Center.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

The Fourteenth Amendment prohibits the state from depriving a person of liberty or property without due process of law. *See Maust v. Headley*, 959 F.2d 644 (7th Cir. 1992). When analyzing a due process claim, the threshold inquiry is whether a plaintiff has presented a protected liberty or

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

property interest. *Maust*, 959 F.2d at 647. If so, the procedures used to limit or terminate that interest must comport with constitutional due process protections. *Id*.

In the Complaint, Plaintiff does not describe a protected liberty interest. He vaguely refers to reduced "privileges" at Alton Mental Health Center. (Doc. 1, p. 5). Unfortunately, however, the allegations do not indicate what privileges were limited or lost. *See, e.g., Maust*, 959 F.2d at 647 (visitation and other "on-grounds" privileges). Without this basic information, the Court cannot evaluate whether the liberty interest at stake was subject to due process protections or whether the defendant violated Plaintiff's right to due process of law under the Fourteenth Amendment. For this reason, the Complaint does not survive screening under Section 1915(e)(2). Plaintiff's IFP application will be denied, and the Complaint shall be dismissed.

### Pending Motion

The Motion for Recruitment of Counsel (Doc. 2) is **DENIED** without prejudice. In support of his request for counsel, Plaintiff points to the fact that he was appointed counsel in another case and has been denied access to the courts. But Plaintiff failed to disclose any efforts to locate counsel on his own, and he identified no significant or specific impediments to self-representation. Further, he has demonstrated an ability to litigate this straightforward claim without counsel.

### Disposition

**IT IS ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 6) is **DENIED**, and the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff must: (1) renew his Motion for Leave to Proceed *in forma pauperis* or prepay the full $400.00 filing fee for this action no later than **January 30, 2019**; and (2) file a First Amended Complaint in this case by the same deadline of **January 30, 2019**. Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R.

CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is advised that the Court will not accept piecemeal amendments to a complaint. An amended complaint supersedes and replaces the original complaint and renders the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004); *but see Otis v. Demarasse*, 886 F.3d 639, 644–45 (7th Cir. 2018); *Miller v. Larson*, No. 18-2347, 2018 WL 6584907, at *1 (7th Cir. Dec. 14, 2018) (affording *pro se* litigants some latitude in this regard). Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915(e)(2), and no service shall be ordered until preliminary review is completed.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: January 2, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**