IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOGAN DYJAK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-2003-NJR |
| TONYA PIEPHOFF, ROD HOEVET, JENNIFER GERLING, SARAH JOHNSON, DR. GAVALI, SARAH BROWN-FOILES, and MARY HOLLOWAY, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Logan Dyjak is in the custody of the Illinois Department of Human Services; he is currently housed at the McFarland Mental Health Center in Springfield, Illinois. He was adjudicated not guilty by reason of insanity ("NGRI"); thus, he is not a prisoner within the meaning of 28 U.S.C. § 1915(h). *See Dyjak v. Harper*, Case No. 18-cv-01011-NJR (Doc. 33, p. 3; Doc. 42, p. 2). *See also Banks v. Thomas*, No. Civ. 11-301-GPM, 2011 WL 1750065 (collecting cases) (persons adjudicated NGRI are not prisoners under 28 U.S.C. § 1915).

The Court previously consolidated Plaintiff's case with two other cases: Case Nos. 18-cv-2049 and 18-cv-2050. (Doc. 15). The Court also granted Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 16) and appointed counsel (Doc. 17); counsel was directed to file a Second Amended Complaint. Counsel has now filed a Second Amended Consolidated Complaint setting forth two claims: a First and Fourteenth Amendment Retaliation Claim (Count 1) and a Fourteenth

1

Amendment Due Process Claim (Count 2). Both claims are against Defendants Tonya Piephoff, Rod Hoevet, Jennifer Gerling, Sarah Johnson, Dr. Gavali, Sarah Brown-Foiles, and Mary Holloway. Having reviewed the allegations in the Second Amended Complaint, the Court finds that Plaintiff adequately sets forth claims against these defendants.

## Disposition

Accordingly, Counts 1 and 2 shall proceed against **Tonya Piephoff, Rod Hoevet, Jennifer Gerling, Sarah Johnson, Dr. Gavali, Sarah Brown Foiles,** and **Mary Holloway.**

The Clerk of Court shall prepare for **Tonya Piephoff, Rod Hoevet, Jennifer Gerling, Sarah Johnson, Dr. Gavali, Sarah Brown Foiles,** and **Mary Holloway**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this case be randomly assigned to a United States Magistrate Judge for disposition of non-dispositive pretrial matters and dispositive matters on an R&R basis pursuant to 28 U.S.C. Sec. 636(b)(1)(A) and (B). The assigned Magistrate Judge shall hold a scheduling and discovery conference as soon as practicable to facilitate the entry of appropriate scheduling and/or discovery orders.

**IT IS FURTHER ORDERED** that entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  6/18/2019

_____
 **NANCY J. ROSENSTENGEL**
 **Chief U.S. District Judge**