IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOGAN DYJAK,

            Plaintiff,

v.

TONY PIEPHOFF,
ROD HOEVET,
JENNIFER GERLING,
SARAH JOHNSON,
DR. GAVALI,
SARAH BROWN FOILES, and
MARY HOLLOWAY,

            Defendants.

Case No. 18-cv-02003-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Compel filed by Plaintiff Logan Dyjak.[1] Dyjak is in the custody of the Illinois Department of Human Services ("IDHS"); he was adjudication not guilty by reason of insanity and is currently housed at the McFarland Mental Health Center in Springfield, Illinois. Dyjak is alleging that he was improperly transferred from a medium-security facility to a maximum-security facility in retaliation for advocating for the rights of himself and others, violating his constitutional rights under the First and Fourteenth Amendment. (*See* Second Amended Complaint, Doc. 23).

---

[1] Although the action was filed *pro se* by Dyjak, the Court recruited counsel to represent him after the original Complaint and First Amended Complaint were filed. Recruited counsel filed a Second Amended Complaint, and he has been represented throughout discovery.

### RELEVANT ALLEGED FACTS

Included in the Second Amended Complaint are allegations that Dyjak's transfer occurred after John Doe, another recipient of IDHS services, tried on three occasions to enter his room without authorization. Dyjak pulled John Doe from the room on the first two occasions, and on the third occasion, a staff member came and escorted John Doe away. (Doc. 23, p. 5). Furthermore, it is alleged that other recipients of IDHS services—who engaged in conduct that could justify a transfer to a more secure facility—were not transferred. Another recipient, Richard Roe, had an altercation with the same John Doe. When John Doe entered Richard Roe's room, he "knocked out" John Doe. Richard Roe was not transferred to another facility. (*Id.* at p. 7; Doc. 48, p. 2).

### MOTION TO COMPEL

Dyjak claims that he served the First Set of Requests for Production to Defendants on September 30, 2019. (Doc. 48). Requests numbered 9 through 13 sought all documents and communications concerning altercations between John Doe and Richard Roe and between John Doe and other recipients of IDHS services. Dyjak states that these documents are relevant as to whether Defendants' stated reason for the transfer was pretextual. The requests seek the following documents:

- Request #9: All documents and communications concerning any action taken against [John Doe].

- Request #10: All documents and communications concerning any complaints filed against [John Doe].

- Request #11: All documents and communications concerning any action taken in response to [Richard Roe's] interactions with recipients of IDHS services.

- Request #12: All documents and communications concerning any action taken against [Richard Roe].

- Request #13: All documents and communications concerning any action taken in response to any interactions with [Richard Roe] by any recipients of IDHS services, including the incident described in paragraph 42 of the Complaint.

Defendants responded: "Defendants object to this request as private and disclosure could constitute a HIPAA violation." (Doc. 48, p. 3). The parties filed a Joint Motion to Amend HIPAA Qualified Protective Order on December 11, 2019, because the parties claimed that the previously filed Qualified Protective Order "may not be broad enough to cover…the protected health information of other recipients of services from the Department of Human Services." (Doc. 41, p. 2). The Motion was filed to address the objections to the document production requests, as well as other objections. After the Court granted the motion and entered the First Amended HIPAA Qualified Protective Order, Dyjak again requested the production of the documents under Requests 9 through 13. Defendants again objected, stating that the documents are private and disclosure could constitute a HIPAA violation. Defendants objected to Requests 9 and 10 based on privacy under HIPAA and Requests 11 through 13 based on privacy under HIPAA and overbreadth and proportionality. Dyjak states he agreed to limit Requests 11 through 13 to resolve these objections, but Defendants refused to search, review, and produce any documents relating to the relevant individuals. He argues that because there is a HIPAA protective order in place to safeguard the protected health information of other recipients, the Court should order Defendants to produce documents in response to Requests 9 through 13.

In their response to the motion, Defendants argue that while the First Amended HIPAA Qualified Protective Order was entered to resolve *other* discovery issues between the parties, Defendants made clear that the objection to the requests for the disclosure of documents regarding nonparty IDHS recipients remained. (Doc. 49). They state that documents and communications regarding other recipients of services from IDHS are private and disclosure could constitute a HIPAA violation. Because the information sought by Dyjak is medical and mental health information, the records are also protected under Federal Rule of Evidence 501 and an Illinois statute, 740 ILCS 110 *et seq*. (*Id.* at p. 2-3) (citing *Jaffee v. Redmond,* 518 U.S. 1 (1996)). Finally, they argue that the requests are disproportional to the needs of the case. (*Id.* at p. 3) (citing FED. R. CIV. P. 26(b)(1)).

Because Defendants raised two new bases for withholding the documents — Federal Rule of Evidence 501 and an Illinois statute, 740 ILCS 110 *et seq.* — Dyjak filed a reply brief. (Doc. 50).

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged. Discovery does not need to be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

I.   *HIPAA*

The Health Insurance Portability and Accountability Act ("HIPAA") permits protected health information to be revealed in response to a discovery request, if the parties agree to a protective order and have presented it to the Court, or have asked the Court for a protective order. 45 C.F.R. § 164.512(e)(1). The protective order should prohibit the use or disclosure of the protected health information for any purpose other than the litigation, and require the return or destruction of the protected health information, including all copies made, at the end of the litigation or proceeding. *Id.* The HIPAA provisions do not create a privilege against production or admission of evidence; they merely create a procedure for obtaining protected medical records in litigation. *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925–926 (7th Cir.2004); *United States v. Bek,* 493 F.3d 790, 802 (7th Cir. 2007).

On December 23, 2019, the Court entered the First Amended HIPAA Qualified Protective Order ("the Protective Order"), which states that during the course of litigation "it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff and other recipients of services at Department of Human Services facilities…" and further, "[t]his Order applies to any records, including the Video, produced by the parties or any covered entity, as defined by 45 C.F.R. § 160.103, which has received a request or subpoena for protected health information." (Doc. 45, p. 1-2). In accordance with the requirements of 45 C.F.R. § 164.512(e)(1), the Protective Order provides that the disclosure of all protected health information or other records shall be for the sole purpose of preparing or conducting this litigation and requires the

return or destruction of all protected health information or other records after the conclusion of this litigation. (Doc. 45). Defendants are not arguing that any of the parties or covered entities will not abide by the Protective Order, only that the medical and mental health information requested is protected by HIPAA, which prohibits the release of the information. While the requested documents are protected by HIPAA, Defendants have not demonstrated how the First Amended HIPAA Qualified Protective Order does not meet HIPAA requirements for the disclosure of the documents or provide adequate protection. *See also Ligas v. Maram,* No. 05 C 4331, 2007 WL 2316940 at *6 (N.D. Ill. Aug. 10, 2007) ("Because the protective order contains these requirements, the Court is convinced that HIPAA does not bar Plaintiffs from discovering the information sought in the subpoenas.")

## II.     *Illinois Statutory Law*

Furthermore, because this case involves federal claims, federal law and federal privileges control and 740 ILCS 110/1 *et seq.,* is not applicable. *Nw. Mem'l Hosp.,* 362 F.3d at 925 (confirming that Illinois privilege law does not govern in federal question claims).

## III.    *Federal Common Law*

The Supreme Court in *Jaffee* recognized that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee,* 518 U.S. at 16 . Although Dyjak is requesting documents from IDHS and its mental health centers, Defendants have not shown that the documents requested

are confidential communications or made in the course of psychotherapy.[2] It is hard to believe that each document requested in Requests 9 through 13 is covered by the privilege recognized in *Jaffee*. Furthermore, Dyjak states that he does not seek communications between licensed therapists and recipients, but rather documents that are administrative in nature regarding altercations between John Doe and Richard Roe and between John Doe and other recipients of IDHS services. (Doc. 50, pp. 4-5).

### IV.   *Proportionality*

Defendants argue that the requests are disproportional to the needs of the case, as the expense of the other recipient's privacy outweighs the benefit of Dyjak's request. (Doc. 49, p. 3). "[A] party seeking an order limiting discovery has the burden of showing 'good cause' for such an order, and the requisite showing of good cause entails 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Cima v. WellPoint Health Networks, Inc.*, No. 05-cv-4127-JPG, 2008 WL 746916 at *3 (S.D. Ill. Mar. 18, 2008) (citations omitted). Defendants do not provide any information regarding how the information requested is not proportional to the needs of the case, other than to again restate their privacy concerns. The Court finds that certain administrative documents regarding the treatment of other recipients of IDHS services who engaged in similar conduct as or more dangerous than Dyjak may lead to or be relevant evidence of Defendants' alleged retaliatory treatment. Furthermore, the

---

[2] The Court notes that "[o]ther than licensed psychiatrists, psychologists and social workers, the Supreme Court in *Jaffee* did not define 'psychotherapist.'" *United States v. Schwensow,* 151 F. 3d 650, 657 n.4 (7th Cir. 1998).

Court is satisfied that the Protective Order, which delineates "who will be able to see confidential information disclosed and what those persons will be permitted to do with that disclosed confidential information[,]" alleviates any privacy concerns. *See Ligas,* 2007 WL 2316950 at *6-8.

## ATTORNEY'S FEES

Federal Rule of Civil Procedure 37, under various circumstances, allows for the impositions of costs and fees as a sanction for discovery abuses. In particular, Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, ""the court must… require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). Fees will not be awarded if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

Dyjak argues that because the agreed upon Protective Order covering the documents requested was entered in this case more than three months ago, Defendants' position is not substantially justified, and an award of expenses including attorney's fees is appropriate. (Doc. 48, p. 4). Defendants do not directly address the claim for attorney's fees but instead argue that they have asserted a valid objection to Dyjak's request, as Dyjak is seeking information about other recipients of mental health services who are not

a party to this case. (Doc. 49, p. 3).

The Court will not award attorney's fees at this time, but now that it has found Defendants' objection to disclosure to not be valid, it will do so in the future if Defendants persist in objections that are not substantially justified.

### DISPOSITION

For the reasons stated above, Plaintiff's Motion to Compel (Doc. 48) is **GRANTED**. Defendants shall respond to the requests for production on or before **June 16, 2020**. The request for attorney's fees is denied at this time.

**IT IS SO ORDERED.**

DATED:   May 26, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**