IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LOGAN DYJAK,**
**#884839,**

        Plaintiff,

v.

**TONYA PIEPHOFF, ROD HOEVET,**
**JENNIFER GERLING, SARAH**
**JOHNSON, DR. GAVALI,**
**SARAH BROWN-FOILES, and**
**MARY HOLLOWAY,**

        Defendants.

Case No. 18-cv-02003-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

On November 18, 2021, Defendants filed a motion for summary judgment and corresponding memorandum in support and exhibits. (Doc. 83, 84). On November 22, 2021, Defense Counsel contacted the Court stating that she had intended to file motion for summary judgment, memorandum in support, and exhibits under seal. She asked the Court to strike these documents from the public record to be refiled under seal. The Court directed the Clerk of Court to temporarily seal the documents and gave Defense Counsel time to file a motion to seal. (Doc. 85). Now before the Court is a Motion for Leave to File Defendant's Memorandum in Support of Summary Judgment Under Seal filed by Defendants. (Doc. 86). Also before the Court is a Motion for Leave to File Opposition to Motion for Summary Judgment and Certain Exhibits Under Seal filed by Plaintiff Dyjak. (Doc. 99).

### BACKGROUND

Plaintiff Logan Dyjak, who is in the custody of the Illinois Department of Human Services

("IDHS"), commenced this lawsuit pro se alleging that his constitutional rights were violated when certain privileges were reduced while housed at Alton Mental Health Center. (Doc. 1, 10). After the Court recruited counsel to represent Dyjak, a Second Amended Complaint was filed by counsel. (Doc. 23). Dyjak claims that his constitutional rights were violated in 2018, when he was emergency transferred from Alton Mental Health Center ("Alton"), a medium security facility where Dyjak enjoyed highest level of facility provided privileges, to Chester Mental Health Center ("Chester"), a maximum security facility. He was transferred in retaliation for advocating for the civil rights of himself and other recipients of IDHS services by filing complaints and grievances. Additionally, proper procedures were not followed regarding his transfer, and Dyjak claims he was denied due process. Dyjak and his attorney were not given 14 days' notice in accordance with Illinois law, and the Notice of Transfer did not comply with Illinois law regarding emergency transfers. The Notice of Transfer failed to state the reason for any emergency or why appropriate care was not available at Alton. Ultimately, Dyjak successfully appealed the decision to transfer him to the IDHS Secretary. He was later transferred from Chester to McFarland Mental Health Facility, a medium security facility. Dyjak is proceeding with the following claims:

> **Count 1:** First and Fourteenth Amendment claim against Defendants Piephoff, Hoevet, Gerling, Johnson, Gavali, Brown-Foiles, and Holloway[1] for transferring Dyjak from a medium security facility to a maximum security facility in retaliation for filing grievances and complaints.
>
> **Count 2:** Fourteenth Amendment claim against Defendants Piephoff, Hoevet, Gerling, Johnson, Gavali, Brown-Foiles, and Holloway for transferring Dyjak from a medium security facility to a maximum security facility without due process of law.

(*See* Doc. 24).

---

[1] The Court notes that Holloway is not named as a defendant in Count 1 of the Second Amended Complaint. (Doc. 23, p. 10). Prior to this case being reassigned to the undersigned, Chief Judge Rosenstengel characterized Counts 1 and 2 as being brought against *all* Defendants. (Doc. 24). Defendants too have stated that Count 1 is brought against "Defendants." (Doc. 84, p. 1). Thus, the Court will continue treat Count 1 as against all Defendants, Piephoff, Hoevet, Gerling, Johnson, Gavali, Brown-Foiles, and Holloway, unless a motion is filed.

In the motion to seal filed by Defendants, they seek to file their memorandum in support of their motion for summary judgment under seal and provide a redacted version to be filed. They also request to file all their exhibits under seal. Defendants argue that the documents contain the private medical information of other recipients of services from the Illinois Department of Human Services ("IDHS") who are not parties to this lawsuit and sealing these documents is necessary in order protect this private information.

Plaintiff Dyjak joins in the motion. (Doc. 87). Additionally, Dyjak requests that the Court enter an order holding that the Defendants have waived any attorneys' eyes' only protections under the Confidentiality Order by filing the documents on the public docket. (*See* Doc. 57).

Dyjak has also filed a separate motion seeking to seal his response in opposition to the motion for summary judgment and exhibits under seal. (Doc. 99). He argues that he will file a partially redacted version of the response, redacting information that is necessary to protect his and other recipients' privacy and information that Defendants have otherwise marked as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." Defendants did not file a response.

### RELEVANT LAW

Motions to seal are disfavored, for there is a presumption that documents affecting the disposition of litigation should be open to public view. *E.g., Nixon v. Warner Commc'n., Inc.*, 435 U.S. 598, 597 (1978); *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). This right of access ensures public confidence and oversight, enabling "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Int'l, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). There are exceptions to the public access rule but they are narrow, and the Court must determine that good cause exists prior to sealing any part of the record. *See Citizens First*

*Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

The Court notes that there seems to be confusion over the role of protective orders and HIPAA in litigation. Protective orders are a tool used in discovery to limit the disclosure of sensitive information that is produced by the parties. There are significant differences between documents disclosed through discovery and documents that are actually filed with the Court and become part of the judicial record. "While the public has a presumptive right to access discovery materials that are filed with the court…the same is not true of materials produced during discovery but not filed with the court." *Bond v. Utreras,* 585 F. 3d 1061, 1073 (7th Cir. 2009). *See also Baxter Int'l v. Abbott Lab.,* 297 F.3d 544, 547 (7th Cir. 2002) (stating that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record"). "[P]retrial discovery, unlike the trial itself, is usually conducted in private." *Citizens,* 178 F. 3d at 944. Accordingly, the "showing of 'good cause' that is adequate to protect discovery material from public disclosure cannot alone justify protecting such material after relied upon by the parties to advance their arguments and claims in court." *Little v. Mitsubishi Motor Mfg. of America,* No. 04-1034, 2006 WL 1554317, at *2 (C.D. Ill. June 5, 2006) (citing *Poliquin v. Garden Way*, 989 F.2d 527, 533 (1st Cir.1993)). *See also Citizens,* 178 F. 3d at 945 (holding that a judge "may not rubber stamp a stipulation to seal the record"). Simply stating that documents should be sealed because they are "subject to a protective order does not establish good cause for sealing documents." *Bowman v. Int'l Business Machines Corp.*, No. 11-cv-0593-RLY-TAB, 2012 WL 5285891, at *2 (S.D. Ind. Oct. 25, 2012) As stated in the Confidentiality Order, "this Order does not by itself, authorize the filing of any document under seal." (Doc. 57, p. 8).

Similarly, the provisions of the Health Insurance Portability and Accountability Act ("HIPAA") do not create a privilege against production or admission of evidence; they merely create a procedure for obtaining protected medical records in litigation. *Nw. Mem'l Hosp. v.*

*Ashcroft*, 362 F.3d 923, 925–926 (7th Cir. 2004) (citing 45 C.F.R. § 164.512(e)(1)(v)).

**MOTIONS**

**I. Motion to Seal filed by Defendants (Doc. 86)**

Defendants seek to seal and provide a redacted version of their memorandum in support of the motion for summary judgment and request leave to file all exhibits under seal in order to prevent the disclosure of private medical information of persons who are not parties to this case. These individuals are other recipients of IDHS services housed at Alton.

    **a. Information pertaining to the recipient of IDHS services with whom Dyjak interacted on February 6, 2018**

The factual details surrounding Dyjak's interactions with another recipient of IDHS services on February 6, 2018, are disputed. According to Defendants, the interaction between Dyjak and this individual that day was the basis for Dyjak's transfer. (Doc. 84). They claim the individual was diagnosed as nonverbal and suffering from dementia, and Dyjak acted with premeditation and targeted a person who was not in fact a threat to his safety. The decision to transfer Dyjak based on his conduct with this individual was not pretextual but was required because Dyjak acted in a way that placed others and himself at imminent risk of harm. Alternatively, Dyjak paints a difference picture. He states this individual is a registered sex offender and has a pattern of misconduct while being held by IDHS. The individual has a history of grabbing staff and peers, taking items from other recipients, exposing himself, and masturbating in public spaces. In response to this behavior, other recipients had attacked and injured this individual. These recipients, however, were not transferred to maximum security facilities. Prior to the February 6, 2018 incident, this individual had exposed himself to Dyjak and forced his way into Dyjak's room. Dyjak had complained repeatedly about this individual entering his room and the rooms of other recipients of IDHS services at Alton. Dyjak also informed staff that the

individual had assaulted other recipients. Dyjak argues that Alton staff did not properly respond to his complaints. Dyjak states that his medical records and progress reports did not note any concerns about aggression or violence prior to February 6, and he did not pose a risk to himself or others. He asserts that the incident with the other individual was a pretext to get rid of him, and the transfer was not justified by any documented safety or clinical concerns.

It is clear from the memorandum of law and Dyjak's response in opposition, the factual assertions regarding the individual's conduct and medical condition forms the "basis of the parties' dispute and the district court's resolution." *Goesel,* 738 F. 3d at 833. Thus, the Court will not allow information regarding this individual's medical history and diagnosis, misconduct, or criminal history redacted. That being said, the Court does not find that the individual's identity is essential to any issues of fact. Thus, any documents containing the name of this individual will remain under seal. Defendants are directed to refile any documents, specifically the memorandum of law and Exhibits A-H, with the name redacted or refer to this individual as "KT," as done so by Dyjak in his response in opposition. (*See* Doc. 96).

    b.  **Other recipients**

To the extent Defendants discuss the medical or mental health information of those who are not parties to this case, the Court finds the information surrounding these individuals also relevant for resolving disputes between the parties regarding whether the transfer was retaliatory. In Dyjak's response in opposition, he argues that other recipients exhibited higher aggression levels than him and assaulted KT, yet they received a different response from staff. These individuals were either moved to another unit or placed under special observation. They were not transferred to a maximum security facility. Therefore, as with KT, any documents mentioning the identity of other recipients of IDHS services shall remain under seal, and Defendants are directed to refile the documents with the name redacted or refer to the individual by initials, specifically

the memorandum in support of the motion for summary judgment and Exhibits A-H.

Defendants have attached the exhibits discussed during Defendants' depositions to the depositions filed on the record as Exhibits B, D, and H. Many of these documents contain details of Dyjak's criminal proceedings and other matters that do not appear to directly affect the issues in this case. Some of these documents have been separately filed as exhibits to the memorandum of law. The Court sees no reason to have these documents made available to the public since they are either duplicative or contain irrelevant private information. Defendants shall not refile these attachments with the redacted depositions unless they are directly cited to in the parties' briefings.

    c. **Exhibits I, J, K, and M filed by Defendants**

In light of the findings above, the Clerk will be directed to unseal 1) Exhibit I, the Findings of Fact from the Utilization Review Committee; 2) Exhibit J, the Utilization Review Committee; and 3) Exhibit M, Final Administrative Decision. (Doc.84-9, 84-10, 84-13). Dyjak challenges the reasoning for his transfer and the proceedings of the Utilization Review Committee. Thus, as discussed, the Court will not seal exhibits that are central to the parties' arguments. The identity of KT is not disclosed in the documents, and the documents do not contain any medical information regarding other recipients of IDHS services.

The Clerk is also directed to unseal Exhibit K, Alton Mental Health Center Policy on Transfers. (Doc. 84-11). This document does not contain the medical or sensitive information for any parties or non-parties, and Defendants have not raised security concerns as a reason for sealing documents.

The Court will address Exhibit L, Dyjak's medical records below.

**II. Motion to Seal filed by Plaintiff Dyjak (Doc. 99)**

    a. **Personal medical information**

Dyjak asks for leave to file Exhibit 3 under seal and that he be allowed to file a redacted

response in opposition to the motion for summary judgment, as these documents contain his private medical information protected by the HIPAA Order, the Confidentiality Order, and state and federal law.

The Court does not find good cause to allow the redaction of information pertaining to Dyjak's medical or mental health conditions from the parties' briefs. As discussed above, HIPAA and the protective orders do not create a privilege against the disclosure of medical information. Additionally, as the parties have been advised, the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.,* does not create a privilege under federal law and is not applicable here. (*See* Doc. 51, p. 6) (citing *Nw. Mem'l Hosp.,* 362 F. 3d at 925). Even so, the Court notes that the Act allows for the introduction of mental health records in a civil proceeding where the patient "introduces his mental condition or any aspect of services received for such conditions as an element of his claim or defense." *Ashley v. Schneider Nat'l Carriers, Inc.,* No. 12 CV 8309, 2014 WL 972154, at *3 (N.D. Ill. Mar. 11, 2014) (quoting 740 ILCS 110/10(a)(1)). The Court understands that Dyjak feels his medical and mental health information are sensitive. However, Dyjak placed such information "in issue when [he] filed this suit, and [he] cites no case suggesting that a person who chooses to use the public courts to litigate a claim relating to [his] health is entitled to shield [his] health information from public review." *Henley v. C.R. Bard, Inc.*, No. 14-C-59, 2019 WL 6529433, at *6 (E.D. Wis. Dec. 4, 2019). *See also Mitze v. Saul,* 968 F. 3d 689, 692 (7th Cir. 2020) ("embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records" (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006))); *Baxter Int'l,* 297 F.3d at 547 ("[M]any litigants would like to keep [certain negative information] confidential, but when these things are vital to claims made in litigation they must be revealed."). His private interest, without more, is insufficient to outweigh the public's interest in transparent judicial proceedings. Thus, his mental

health and medical information referenced or described in the motion for summary judgment, memorandum of law, and the response in opposition to the motion may not be redacted.

However, the Court will allow redaction of certain exhibits, as they contain information not relevant to the issues in this case. As very little of Exhibit 3, Dyjak's Treatment Plan Report from August 24, 2017, seems to be cited to by Dyjak in support of his response in opposition, he may refile a redacted version. Any paragraph cited to or referenced by the parties in their briefs may not be redacted from Exhibit 3.

Likewise, in Exhibit L, Defendants have filed 221 pages of Dyjak's mental health records but only cite to one document, pages 64 and 65. This document is the Notice of Transfer issued on February 6, 2018. Furthermore, Dyjak cites to Exhibit L only twice in his response. (*See* Doc. 96, p. 12). The Court will allow Dyjak's mental health records to remain sealed, but the parties shall refile the pages they cite to in their briefs unredacted.

**b. Other recipients**

The response in opposition and Exhibits 4 and 5 contain information pertaining to other recipients of IDHS services who are not parties to the case. Like Defendants, Dyjak asks for these documents to be sealed and that he be allowed to file redacted versions so as to protect the private medical information of non-parties. The Court agrees that the interests of non-parties and the public can best be served by redaction. However, the response in opposition does not require redaction. The filing already refers to non-party recipients by initials and does not disclose their identity. Accordingly, the Clerk is directed to unseal the response in opposition. (Doc. 96). Exhibits 4 and 5 are emails between staff, including Defendants, which Dyjak includes to support his argument that the transfer was pretextual. Based on the emails, other recipients at Alton who exhibited aggressive behavior were not transferred. Accordingly, these documents are central to Dyjak's arguments of retaliation, and he shall refile Exhibits 4 and 5 redacting the names of non-

party recipients.

Dyjak does not argue that Exhibit 1 should remain sealed. Therefore, the Clerk of Court is directed to unseal Exhibit 1. (Doc. 96-1).

### c. Exhibit 2 filed by Plaintiff Dyjak

Dyjak has manually submitted to the Court Exhibit 2, video footage taken on February 6, 2018, documenting the interaction between Dyjak and the other recipient. The video footage includes the images of other recipients who were in the common area at the time of the interaction between Dyjak and KT. The video does not disclose the identities of those recipients and does not include sound. Given the quality of the footage, it is also difficult to see the faces of the other recipients. Thus, the Court finds no reason to keep Exhibit 2 under seal.

### III. Conclusion

For these reasons, the motions to seal filed by both parties are granted in part and denied in part. If the parties feel there is a piece of information that should remained sealed and was not addressed by the Court in this Order, then the party should file a motion and cite the exact piece of information, document and page number, and why good cause exists for such information to remain sealed. In addition to redacting the names of any non-party recipients from briefs and exhibits in accordance with this Order, the parties are reminded that pursuant to local rule they shall also redact all social security numbers, dates of birth, and drivers' license numbers. *See* SDIL-LR 5.1.

#### DISPOSITION

For the reasons stated above, the motion for leave to file the motion for summary judgment and exhibits under seal filed by Defendants is **GRANTED in part and DENIED in part.** (Doc. 86). The Clerk of Court is **DIRECTED** to unseal Doc. 83, the motion for summary judgment. The memorandum of law in support of the motion for summary judgment shall remain sealed. (Doc.

84). Defendants are **DIRECTED** to file a version of the memorandum of law visible to the public with the names of recipients of IDHS services who are not parties to this action redacted. **No other information is to be redacted, unless provided by local rule 5.1.**

Exhibits A, B, C, D, E, F, G, and H (depositions) shall remain sealed. Defendants are further **DIRECTED** to file these exhibits with the names of recipients of IDHS services who are not parties to this action redacted. **No other information is to be redacted, unless provided by local rule 5.1.** When refiling redacted versions of Exhibits B, D, and H, Defendants shall not refile the attached exhibits unless they are directly cited to in the parties' briefings.

The Clerk of Court is **DIRECTED** to unseal Exhibits I, J, K, and M (Doc. 84-9, 84-10, 84-11, 84-13).

Exhibit L (Doc. 84-12) shall remain sealed. The parties are **DIRECTED** to refile the pages they cite to in their briefs unredacted.

The motion for leave to file opposition to motion for summary judgment and certain exhibits under seal filed by Plaintiff Dyjak is **GRANTED in part and DENIED in part.** (Doc. 99). The Clerk of Court is **DIRECTED** to unseal Doc. 96 and Exhibits 1 and 2 (Doc. 96-1, 96-2).

Exhibit 3 shall remain sealed. Dyjak is **DIRECTED** to file a redacted version. Any paragraph cited to or referenced by the parties in their briefs may not be redacted from Exhibit 3.

Exhibits 4 and 5 shall remained sealed. Dyjak is **DIRECTED** to file a version of each exhibit for public view redacting only the names of non-party recipients.

**IT IS SO ORDERED.**

**DATED:   May 18, 2022**

                                               _s/Stephen P. McGlynn_
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**