IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOGAN DYJAK, #884839,<br><br>          Plaintiff,<br><br>v.<br><br>TONYA PIEPHOFF,<br>ROD HOEVET,<br>JENNIFER GERLING,<br>SARAH KEHL,<br>DR. DELSIE GAVALI, and<br>SARAH BROWN-FOILES,<br><br>          Defendants. | Case No. 18-cv-02003-SPM |

## MEMORANDUM AND ORDER

This matter is before the Court on motions *in limine* filed by Plaintiff Dyjak and Defendants. (Doc. 139, 140). The Court heard oral arguments on the motions at the Final Pretrial Conference held on April 25, 2023. For the reasons stated below and on the record, the Court rules as follows.[1]

**I. Motions in Limine** filed by Defendants (Doc. 139)

1. <u>Motion to bar Plaintiff and his witnesses from testifying at trial regarding the causation of any medical or mental health condition.</u>

    Plaintiff did not raise any objections to barring witnesses from testifying at trial regarding the causation of any medical or mental health condition. During the hearing, Plaintiff stated that at trial he was intending to testify only as to his own personal observations and experiences, including regarding the negative physical and mental health effects he experienced following his transfer.

    The motion is **GRANTED in part**. Plaintiff's witnesses will be precluded from testifying regarding the causation of any medical or mental health condition. However, "a witness does not need to be doctor to discuss his or her health in general terms," and "lay individuals are certainly capable of reliable understanding and testifying to their own

---

[1] The parties are reminded that orders *in limine* may be revisited during trial. *See Perry v. City of Chic.*, 733 F.3d 248, 252 (7th Cir. 2013) (citing *Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)).

medical condition." *McGill ex rel. McGill v. Menard, Inc.,* No. 11 C 4950, 2013 WL 5253650, at *8 (N.D. Ill. Sept. 17, 2013) (citations omitted). Thus, Plaintiff will not be precluded from testifying about his own perceptions regarding his transfer and any ensuing physical or mental pain and suffering he experienced.

2. Motion to bar Plaintiff from offering the inadmissible hearsay statements of any medical or mental health professionals.

   The motion is **DENIED.** The Court will not issue a blanket order prohibiting all out of court statements made by any medical or mental health professional and will revisit the issue during trial as needed. *See Wielgus v. Ryobi Tech., Inc.*, 893 F.Supp.2d 920, 923 (N.D. Ill. 2012) (objections made at trial give the Court better information regarding "context, foundation, and relevance").

3. Motion asking the Court to prohibit Plaintiff and his witnesses from offering evidence or testimony referencing the Illinois Administrative Code.

   The motion is **DENIED.** Defendants argue that a violation of the Illinois Administrative Code does not amount to a constitutional violation and evidence referencing the Illinois Administrative Code would only confuse the jury. While evidence of violating state regulations may not by itself constitute a violation of the constitution, it may be relevant evidence in showing the subjective element of Plaintiff's claim. *See Mays v. Springborn,* 575 F. 3d 643, 650 (7th Cir. 2009); *Estate of Carlock v. Williamson*, 2013 WL 12244415 (C.D. Ill. 2013) (because the case contains a subjective element, then knowing a violation of a department policy may be relevant). Accordingly, the Court will not bar the admittance of all evidence or testimony referencing the Illinois Administrative Code prior to trial.

4. Motion to bar Plaintiff from offering testimony or otherwise suggesting that the state of Illinois will indemnify defendants.

   The motion is **GRANTED**.

5. Motion to bar Plaintiff from offering evidence or testimony of other lawsuits involving defendants.

   The motion is **GRANTED in part.** Plaintiff is precluded from offering any evidence regarding lawsuits that were filed by other people involving Defendants, but he may introduce evidence of lawsuits against Defendants or other staff that he has filed. Such evidence is highly relevant to his retaliation claim.

6. Motion to bar Plaintiff from offering evidence or testimony of any misconduct, reprimand, or complaint issued against defendants.

   The motion is **GRANTED.** Plaintiff testified that he did not intend to offer evidence that any named Defendant was sanctioned for misconduct or reprimanded.

7. <u>Motion to bar Plaintiff from offering evidence or testimony referencing any "golden rule" appeal.</u>

   The motion is **GRANTED.**

8. <u>Motion to bar Plaintiff from offering his own complaints as evidence.</u>

   The motion is **DENIED.** As discussed above, the complaints and grievances Plaintiff filed prior to initiating this lawsuit against Defendants and other staff members at Alton Mental Health Center are relevant to his retaliation claim.

**II. Motions in Limine** filed by Plaintiff (Doc. 140)

1. <u>Motion to exclude evidence regarding Plaintiff's not guilty by reason of insanity (NGRI) status, index offense, and identity of index offense victim.</u>

   The Court **RESERVES** ruling on this motion regarding both the exclusion of evidence and of references to the fact that Plaintiff was found not guilty by reason of insanity and the details surrounding his index offense.

2. <u>Motion to exclude content of records relating to Plaintiff that were not considered for purposes of the transfer decision or otherwise reviewed by the Alton Utilization Review Committee.</u>

   The motion is **DENIED.** Based on the information provided, the Court cannot make a determination on the admissibility of records the Utilization Review Committee did not consider in transferring Plaintiff from Alton Mental Health Center outside the context of trial. *See Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994) (a motion *in limine* is granted when the movant has demonstrated the evidence is inadmissible on any relevant ground, "for any purpose").

3. <u>Motion to exclude statements that Plaintiff lacks competency or credibility due to mental illness.</u>

   Defendants state they do not intend to offer testimony that Plaintiff's mental illness affects his ability to testify. They do plan, however, to introduce evidence that certain behaviors he has exhibited, such as paranoia, fixation, and exaggeration, affect his credibility in general.

   This motion is **GRANTED in part.** The credibility of a witness is a question of fact for the jury. *See Berry v. Chi. Transit Auth.,* 618 F. 3d 688, 691 (7th Cir. 2010). Elements of his mental illness, such as whether his experiences paranoia or is prone to exaggeration, are facts relevant to challenging his credibility or impeaching his testimony. The Court will not preclude evidence of Plaintiff's mental illness for such purpose prior to trial.

4. <u>Motion to allow January 18, 2019, email from Dotty Blank.</u>

   The Court **RESERVES RULING** on the motion.

5. <u>Motion to exclude any undisclosed opinion or expert testimony offered under Rule 702</u>

   The motion is **GRANTED in part.** Defendants did not disclose any retained or non-retained experts. *See* FED. R. CIV. P. 26(a)(2)(B)-(C). Therefore, Defendants are not allowed to provide expert testimony concerning Plaintiff's medical or mental health conditions or the treatment thereof. They shall, however, be allowed to testify as to the actions they took in response to what they saw and heard, and the basis for their decisions. *See Sec. and Exch. Comm'n v. Nutmeg Grp., LLC,* No. 09-cv-1775, 2017 WL 1545721, at *9 (N.D. Ill. Apr. 28, 2017) ("[t]he mere fact that a witness has specialized training does not preclude her from offering a lay opinion limited to what he observed…or to other facts derived exclusively from [a] particular investigation") (internal citations omitted).

6. <u>Motion to exclude testimony about any commendations or awards that Defendants have received.</u>

   Defendants do not oppose this motion, and so, it is **GRANTED** but may be revisited at trial as needed.

7. <u>Motions to exclude statements speculating why Alton Utilization Review Committee members are not defendants in this action.</u>

   The motion is **GRANTED.**

8. <u>Motion to declare Ms. Blank an adverse witness.</u>

   The motion is **GRANTED.** If Plaintiff proffers Ms. Blank as a witness, the Court will allow Plaintiff to treat her as an adverse witness. *See Pryor v. Corrigan,* No. 17-cv-1968, 2023 WL 1100436 (N.D. Ill. Jan. 30, 2023) ("[u]nder Rule 611(c), the normal sense of a person identified with an adverse party has come to mean, in general, an employee, agent, friend, or relative of an adverse party") (citing *Ratliff v. City of Chicago*, 2013 WL 3388745, at *6 (N.D. Ill. 2013)).

9. <u>Motion to bar Defendants from referring to Plaintiff as convict, felon, offender, prisoner, criminal, or murderer.</u>

   The motion is **GRANTED.**

10. <u>Motion to bar arguments and references to jurors' pecuniary interests.</u>

    The motion is **GRANTED.**

**11.** <u>Motion to bar references to Plaintiff's attorneys' law firm location or size.</u>

The motion is **GRANTED.**

**IT IS SO ORDERED.**

**DATED:   April 25, 2023**

                                                               _s/Stephen P. McGlynn_
                                                               **STEPHEN P. MCGLYNN**
                                                               **United States District Judge**